UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRIKE 3 HOLDINGS, LLC,

                Plaintiff,

-against-

JOHN DOE subscriber assigned IP address 69.118.162.229,

                Defendant.

**ORDER**

21-CV-10869 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Plaintiff Strike 3 Holdings, LLC ("Plaintiff") brings this action for copyright infringement against a presently unknown John Doe ("Defendant") assigned an Internet Protocol ("IP") address of 69.118.162.229. (Doc. 1, "Compl."). Plaintiff, "the owner of award-winning, critically acclaimed adult motion pictures," alleges generally that Defendant downloaded and distributed forty-four of Plaintiff's copyrighted works ("Works") via BitTorrent, an internet sharing system. (*Id*. ¶¶ 2, 4, 20, 31; *see also id*., Ex. A). Pending presently before the Court is Plaintiff's *ex parte* motion for leave to serve a third-party subpoena on Defendant's Internet Service Provider ("ISP"), Optimum Online, before the conference required by Federal Rule of Civil Procedure 26(f). (Doc. 7; Doc. 8, "Pl. Br.").[1]

      For the reasons set forth below, Plaintiff's request to serve a third-party subpoena on Optimum Online for the limited purpose of identifying Defendant is GRANTED.

---

[1] Plaintiff submitted three separate declarations in support of its motion. Attached to Plaintiff's memorandum of law were: (1) the Declaration of Dave Williamson in Support of Plaintiff's Motion (Doc. 8-1); (2) the Declaration of Patrick Paige in Support of Plaintiff's Motion (Doc. 8-2, "Paige Decl."); and (3) the Declaration of Susan B. Stalzer in Support of Plaintiff's Motion (Doc. 8-3).

## ANALYSIS

Under the Federal Rules of Civil Procedure, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order." Fed. R. Civ. P. 26(d)(1). In considering whether to authorize such discovery, "[c]ourts . . . 'apply a flexible standard of reasonableness and good cause.'" *Strike 3 Holdings, LLC v. Doe*, No. 19-CV-05818, 2019 WL 5459693, at *1 (S.D.N.Y. Oct. 9, 2019) [hereinafter *Strike 3 No. 19-CV-05818*] (quoting *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 520 (S.D.N.Y. 2019) [hereinafter *Strike 3 No. 18-CV-12167*]). In the Second Circuit, "courts deciding whether to permit a party in a copyright infringement case to take limited discovery before participating in a Rule 26(f) conference" look to five "principal factors." *UN4 Prods., Inc. v. Doe—173.68.177.95*, No. 17-CV-03278, 2017 WL 2589328, at *1 (E.D.N.Y. June 14, 2017) (collecting cases). The factors to be considered are:

> (1) the concreteness of the plaintiff's showing of a *prima facie* claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy.

*Id.* (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)); *see also Strike 3 Holdings, LLC v. Doe*, No. 18-CV-05586, 2018 WL 5818100, at *1 (S.D.N.Y. Oct. 15, 2018) (applying the five factors and concluding that "the plaintiff has met the reasonableness and good cause standard for early discovery, even under the heightened scrutiny required of an *ex parte* submission") [hereinafter *Strike 3 No. 18-CV-05586*]. As outlined below, Plaintiff's application is reasonable and establishes good cause as it satisfies each of the factors.

The first factor requires that Plaintiff have stated a *prima facie* claim for relief. It has done so here. A claim for copyright infringement requires that Plaintiff "show: (i) ownership of a

valid copyright; and (ii) unauthorized copying of the copyrighted work." *Tetra Images, LLC v. Grahall Partners, LLC*, No. 19-CV-05250, 2021 WL 2809566, at *2 (S.D.N.Y. July 6, 2021) (quoting *Sohm v. Scholastic Inc.*, 959 F.3d 39, 48 (2d Cir. 2020)). Here, Plaintiff pled both elements. First, Plaintiff pled that it "is the owner of the Works, which is an original work of authorship." (Compl. ¶ 51). On this element, Plaintiff alleged that it "owns the copyrights to the Works and the Works have been registered with the United States Copyright Office" and it identified each corresponding date of publication, date of registration, and copyright registration number for each Work. (*Id.* ¶¶ 45, 48; *id.*, Ex. A). Second, Plaintiff pled that "Defendant downloaded, copied, and distributed Plaintiff's Works without authorization." (*Id.* ¶ 46). On this element, Plaintiff alleged that Defendant did so "using the BitTorrent protocol," insisted that it never "authorize[d], permit[ted] or conset[ed] to Defendant's distribution of its Works, expressly or otherwise," and identified the date and time of Defendant's distribution of the Works. (*Id.* ¶¶ 52-53; *id.*, Ex. A). Plaintiff maintains that Defendant's actions willfully violated Plaintiff's "exclusive right to . . . [r]eproduce its Works in copies . . . [d]istribute copies of the Works to the public . . . [p]erform the copyrighted Works . . . and . . . [d]isplay the copyrighted Works . . . ." (*Id.* ¶¶ 54-55). This factor favors granting the relief sought.

As for the second factor, which asks the Court to consider the "specificity of the discovery request," Plaintiff seeks "only the true name and address of Defendant." (Pl. Br. at 2; *see also* Doc. 7-1 ¶ 2). By this request, Plaintiff "has limited its scope of discovery to the name and address of defendant, which previous courts in similar cases involving the same plaintiff have found 'is a limited and highly specific set of facts.'" *Strike 3 No. 19-CV-05818*, 2019 WL 5459693, at *3 (quoting *Strike 3 No. 18-CV-05586*, 2018 WL 5818100, at *1). The information sought is no more or less than what is required at this juncture and targeted pointedly; "[t]he subpoenaed information

is only needed to advance Plaintiff to the service of process stage, and is sufficiently specific to accomplish that end." *Id*. at *3 (internal quotation marks and emphasis omitted). This factor weighs in favor of granting the application.

With respect to the third factor, "the absence of alternative means to obtain the subpoenaed information," Plaintiff has pled that Defendant is "currently known only by an IP address," that it "can only identify Defendant by his or her IP address," and that "Optimum Online can identify Defendant through his or her IP address . . . ." (Compl. ¶¶ 1, 5, 15). On this point, Plaintiff submitted the Declaration of Patrick Paige, a managing member of a computer forensics company, who advised that "Defendant's ISP Optimum Online is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address 69.118.162.229 during the time of the alleged infringement." (Paige Decl. ¶¶ 3, 28). Plaintiff "has thus established that it can only obtain defendant's information through a subpoena of his (or her) ISP." *Strike 3 No. 19-CV-05818*, 2019 WL 5459693, at *4.

The final two factors are addressed in short order. With respect to the fourth factor, there can be no reasonable dispute regarding Plaintiff's need for the information sought to pursue the claim. Stated simply, uncovering Defendant's identity and address is "critical to [Plaintiff's] ability to pursue litigation, for without this information, [Plaintiff] will be unable to serve process." *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) (Chin, J.). As to Defendant's expectation of privacy, the fifth factor, although "the viewing and dissemination of adult movies[] may cause embarrassment, 'ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material.'" *Strike 3 Holdings, LLC v. Doe*, No. 19-CV-05866, 2019 WL 4493342, at *2 (S.D.N.Y. Aug. 21, 2019) [hereinafter *Strike 3 No. 19-CV-05866*] (quoting *Malibu Media, LLC v. John Does 1-11*, No. 12-CV-3810, 2013 WL 3732839, at *6 (S.D.N.Y. July

16, 2013)). Bearing this in mind, "Plaintiff's interest in learning Defendant's name and address outweighs Defendant's privacy interest." *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-01490, 2019 WL 5084520, at *2 (W.D.N.Y. Jan. 28, 2019) [hereinafter *Strike 3 No. 18-CV-01490*].

Although all factors weigh in favor of granting the application, the Court is mindful that the "risk of false positives gives rise to the potential for coercing unjust settlements from innocent defendants such as individuals who want to avoid the embarrassment of having their names publicly associated with allegations of illegally downloading" adult material. *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (internal quotation marks omitted); *see also Strike 3 No. 18-CV-01490*, 2019 WL 5084520, at *2 (acknowledging that there is a "possibility" that names and addresses produced are not the individuals who "downloaded and distributed the content in question"). Federal Rule of Civil Procedure 26(c)(1) permits a Court to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden . . . ." Plaintiff indicates that it "has a policy" of entering into confidentiality agreements and stipulating to orders regarding the defendants' identities. (Pl. Br. at 3). Accordingly, this Court will follow the "practice in these sorts of cases," *Strike 3 No. 19-CV-05866*, 2019 WL 4493342, at *3 (internal quotation marks omitted), and, given the subject matter at issue, conclude that there is good cause to issue a protective order in connection with the subpoena. *See, e.g.*, *Strike 3 No. 18-CV-12167*, 329 F.R.D. at 522; *Strike 3 No. 18-CV-01490*, 2019 WL 5084520, at *2-3; *Strike 3 No. 19-CV-05866*, 2019 WL 4493342, at *3; *Strike 3 No. 19-CV-05818*, 2019 WL 5459693, at *4. The parameters of that protective order are outlined below.

## CONCLUSION

Based upon the foregoing, it is hereby:

**ORDERED** that Plaintiff's application is GRANTED. Plaintiff may immediately serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Optimum Online, Defendant's ISP, in order to obtain information to identify Defendant, specifically his or her true name and current and permanent address. Plaintiff is expressly **not** permitted to seek Defendant's e-mail address(es) or telephone number(s). The subpoena shall have a copy of this Order attached, along with the attached "Notice to Defendant." Plaintiff shall file proof of such service on the docket; it is further

**ORDERED** that Optimum Online will have *60 days* from the date of service of the Rule 45 subpoena upon it to serve Defendant with a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant" appended to this Order. *The Order should be attached to the "Notice to Defendant" such that the "Notice to Defendant" is the first page of the materials enclosed with the subpoena.* Optimum Online may serve Defendant using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service; it is further

**ORDERED** that Defendant shall have *60 days* from the date of service of the Rule 45 subpoena and this Order upon him or her to file any motions contesting the subpoena (including a motion to quash or modify the subpoena). Optimum Online may not turn over Defendant's identifying information to Plaintiff before the expiration of this 60-day period. Additionally, if Defendant or Optimum Online files a motion to quash or modify the subpoena, Optimum Online may not turn over any responsive information to Plaintiff until the issues have been addressed and the Court issues an order instructing Optimum Online to turn over the requested discovery; it is further

**ORDERED** that if the 60-day periods lapse without Defendant or Optimum Online contesting the subpoena, Optimum Online shall have *10 days* to produce the information responsive to the subpoena to Plaintiff. Defendant, should he or she move to quash the subpoena or to proceed anonymously, shall at the same time as his or her filing also notify Optimum Online so that it is on notice not to release any of Defendant's contact information to Plaintiff until the Court rules on any such motions; it is further

**ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash; it is further

**ORDERED** that Optimum Online shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. Should Optimum Online elect to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff; it is further

**ORDERED** that Plaintiff shall serve a copy of this Order along with any subpoenas issued pursuant to this Order to Optimum Online; and it is further

**ORDERED** that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in the Complaint.

The Clerk of the Court is respectfully directed to terminate the pending motion sequence (Doc. 7).

                                                **SO ORDERED:**

Dated:   White Plains, New York
              February 25, 2022

_____
PHILIP M. HALPERN
United States District Judge

## NOTICE TO DEFENDANT

1.      You are a defendant in *Strike 3 Holdings, LLC v. John Doe*, No. 21-CV-10869 (PMH), a case now pending before the Honorable Philip M. Halpern, United States District Judge for the Southern District of New York.

2.      Attached is Judge Halpern's Order, dated February 25, 2022, which sets forth certain deadlines and procedures related to this case.

3.      You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York. The *Pro Se* Office is located in Room 230 of the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.

4.      The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed a movie on your computer.

5.      The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6.      The plaintiff has filed a subpoena requesting your identity and contact information from your Internet Service Provider ("ISP").

7.      If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. If you choose to proceed *pro se*, your motion to quash or modify the subpoena should be mailed to the *Pro Se* Office, as described in Paragraph 3.

1

8.  If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court. This information is *solely for use by the Court* and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

9.  Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. If you choose to proceed *pro se*, your letter should be mailed to the *Pro Se* Office described in Paragraph 3. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.